**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SHABBIR AHMED FUAD, | No. 15-73201 |
| Petitioner, | Agency No. A206-911-272 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 9, 2022[**]
Portland, Oregon

Before: GRABER and BEA, Circuit Judges, and REISS,[***] District Judge.

Petitioner Shabbir Ahmed Fuad, a native and citizen of Bangladesh, seeks

review of a final decision of the Board of Immigration Appeals ("BIA") dismissing

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Christina Reiss, United States District Judge for the District of Vermont, sitting by designation.

his appeal from an immigration judge's denial of Petitioner's application for asylum and protection under the Convention Against Torture ("CAT"). We deny the petition.

1. Substantial evidence supports the BIA's finding that Petitioner did not suffer past persecution or a well-founded fear of future persecution. See Plancarte Sauceda v. Garland, 23 F.4th 824, 831 (9th Cir. 2022) (reviewing for substantial evidence the factual findings that underlie the BIA's denial of asylum and CAT relief). Petitioner testified that a member of a rival political party beat him with a flashlight and, afterwards, that Petitioner received several threats. But the single beating did not result in any visible injury or medical treatment, and the threats were not fulfilled. Without more, therefore, Petitioner's cumulative experience in Bangladesh does not compel a finding of past persecution. See Sharma v. Garland, 9 F.4th 1052, 1063–64 (9th Cir. 2021) (holding that the cumulative effect of unfulfilled threats and beatings that resulted in no injury did not compel a finding of past persecution); see also Gu v. Gonzales, 454 F.3d 1014, 1020–21 (9th Cir. 2006) (holding that a single beating that required no medical treatment did not compel a finding of past persecution); Hoxha v. Ashcroft, 319 F.3d 1179, 1182 (9th Cir. 2003) (holding that unfulfilled threats constituted "harassment rather than persecution").

In addition, substantial evidence supports the conclusion that Petitioner failed to prove that he could not relocate safely within Bangladesh. 8 C.F.R. §§ 1208.13(b)(2)(ii), 1208.16(b)(3)(i). After rival political members came to his house and threatened him, Petitioner left home. But Petitioner remained in the vicinity for the next ten months, staying within thirty kilometers of his home and even returning home "from time-to-time" to live with his father. Petitioner never experienced any other attacks or confrontations. Thus, Petitioner's fear that he will be targeted throughout Bangladesh some nine years after he left is not objectively reasonable. See Nagoulko v. I.N.S., 333 F.3d 1012, 1018 (9th Cir. 2003) (concluding that speculative fear of future harm cannot support an asylum claim). Accordingly, the BIA permissibly concluded that Petitioner did not meet his burden of proof for asylum.

2. Substantial evidence also supports the agency's conclusion that Petitioner failed to show that he will "more likely than not" face torture by, or with the consent or acquiescence of, the government if returned to Bangladesh. 8 C.F.R. §§ 1208.16(c)(2), 1208.18(a)(1). No evidence in the record shows that Petitioner had been tortured previously. And a petitioner's generalized fear of the possibility of harm in the future, no matter how sincere, cannot compel a conclusion contrary to that reached by the agency. See Lopez v. Sessions, 901 F.3d 1071, 1078 (9th

3

Cir. 2018) (holding that a generalized threat of future harm "does not provide a sufficient basis to conclude that any harm . . . would rise to the level of torture"). Thus, the BIA permissibly denied CAT relief.

**PETITION DENIED.**